VAI AH MAI aka IVA AH MAI, Plaintiffs

v.

AMERICAN SAMOA GOVERNMENT and
LBJ TROPICAL MEDICAL CENTER, Defendants

High Court of American Samoa
Trial Division

CA No. 71-88

June 22, 1989

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, TUIAFONO, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima
For Defendants, Robert A. Dennison III

This matter involves a claim for damages alleging medical malpractice. The government earlier moved for summary judgment on the ground that the claim was barred by the applicable statute of limitations --- the Government Tort Liability Act, A.S.C.A. § 43.1204.[1] This motion was summarily denied as it was largely based on a statement of facts which went beyond the factual allegations in the complaint and was unsupported by affidavit. After recently taking plaintiff's deposition, the government again moves for summary judgment on the same grounds --- that plaintiff did not begin her action within two years of the accrual of her claim and it is therefore time barred.

The main question for our determination then is whether it is beyond dispute (no triable issue of fact remains) that plaintiff's claim accrued more than two years before she filed her action. The relevant facts for these purposes are as follows: Plaintiff, in order to avoid future pregnancies, underwent a sterilization procedure (bilateral tubal ligation) at the LBJ Tropical Medical Center (hereafter referred to as "hospital") in November 1984. Notwithstanding, plaintiff realized that she was pregnant around April 1985. She was assured by her physician at the hospital that the pregnancy was a rare occurrence which would not be repeated

---

[1] This enactment provides that "[a] tort claim against the government shall be forever barred unless an action on it is begun within two years after the claim accrues."

134

again. Additionally a number of gynecologists who attended her during pre-natal visits expressed surprise at her having become pregnant. She gave birth in October 1985.

Plaintiff became pregnant yet again and this time after giving birth in July 1987, she went through another tubal ligation operation. There she was actually told that one of her fallopian tubes had not been successfully tied at the first operation. On November 27, 1987, pursuant to the provisions of the Government Tort Liability Act, plaintiff filed an administrative claim with the Attorney General's Office alleging malpractice. Without any administrative action taken one way or the other, plaintiff was entitled under A.S.C.A. § 43.1205 to treat the claim as having been finally denied, and she then filed suit on August 1, 1988.

At her recent deposition, plaintiff testified that after the birth of her first post-operative child, she began using birth control pills at the suggestion of a nurse she knew at the family planning clinic at the hospital. She stopped taking these after a month because of side effects. She also mentioned that a physician (who had a lot of negative things to say about the hospital) had told her in April 1985 that her first tubal ligation operation was probably not done correctly.

The government argues that plaintiff's claim had accrued within the meaning of A.S.C.A. § 43.1204 at least since November 1985, if not earlier, and that therefore, her claim filed in August 1988 was effectively barred. In support of its contention, the government cites <u>U.S. v. Kubric</u>, 444 U.S. 111 (1979), a decision of the Supreme Court involving the interpretation of the federal counterpart statute of limitations as contained in the Federal Torts Claims Act (28 U.S.C § 2401(b)). Under <u>Kubric</u>, a cause of action for malpractice accrues when the plaintiff knows of his injury and the cause of his injury. Thus "armed with the facts about the harm done to him [a plaintiff] can protect himself by seeking advice in the medical and legal community." <u>Id.</u>, 444 U.S. at 123. There is no need for the plaintiff to be aware that the cause of injury may have been negligent conduct. <u>Kubric</u> has been interpreted as containing a due diligence component; a plaintiff's claim may also accrue if he reasonably should have known of his injury and its cause. <u>Harrison v.</u>

135

<u>U.S.</u> 708 F.2d 1023 (5th Cir. 1983). Thus, once the plaintiff learns or reasonably should have learned of the injury and its cause he must inquire about the treatment he received and decide whether to file suit within the applicable time period.

On the other hand, plaintiff refers us to the accrual rule developed by some states which in addition to the <u>Kubric</u> elements requires discovery by the plaintiff of negligent conduct or "the causal connection between the violation of the duty and the damage." <u>Jacoby v. Kaiser Foundation Hospital</u>, 622 P2d 613, 616 (1981 Haw. App.).[2] Plaintiff argues she could not have discovered negligent conduct until July 1987.

Whatever the rule, it is well settled that summary judgment may only be granted if the facts are beyond dispute and the movant is entitled to judgment as a matter of law. For purposes of such a motion by defendant, the facts asserted by plaintiff, supported by affidavits or other evidentiary material, are presumed to be true and the Court may draw such inferences from the evidence as are most favorable to plaintiff. Even if we apply the <u>Kubric</u> rule (which is a more favorable standard for the defendant), defendant has not shown that it is entitled to judgment as a matter of law. In reviewing plaintiff's affidavit on file and the transcript of her deposition, we are unable on the extent of the record before us to conclude without doubt that plaintiff had knowledge of injury and what caused that injury. The facts that she became pregnant after the first operation; that she took birth control pills for a month at the suggestion of a family health clinic nurse with whom she was familiar; and that some doctor disgruntled with the hospital had told her that her first operation was probably done wrongly are persuasive, and if that was the only extent of the record before us, then summary judgment might well be appropriate. But our record says more. It also suggests that plaintiff was informed prior to the first operation that there was a slim chance that she could get pregnant again. Deposition Transcript p. 9. The record further suggests that subsequent to getting pregnant, she was turned away by the hospital when she requested a pregnancy test. Deposition Transcript p. 15. Also a number

---

[2] This additional requirement was expressly rejected in <u>Kubric</u>.

of the hospital's physicians attending plaintiff, after her pregnancy was confirmed, expressed to her their surprise and reaffirmed in her mind the extreme chance of a repeated pregnancy. Deposition Transcript p. 19. Indeed, plaintiff did testify that she believed she could only get pregnant one time. Deposition Transcript p. 28. Here she in effect reaffirmed her earlier affidavit filed with the Court on October 3, 1988, and thus indicated her unawareness of the cause of her injury -- that the surgery was not successful.

In light of all the evidence and with the inferences drawn in favor of plaintiff, there is a possibility that, at all relevant times, she had no reason to be aware or even to suspect that her unexpected pregnancy was related to a faulty operation. Thus, issues of fact remain as to whether plaintiff had actual knowledge of her injury and its cause at a time more than two years prior to the filing of her claim. At the same time, the government has suggested that plaintiff as a reasonably prudent person should have been aware of her injury and its cause at a time beyond the limitations bar. In order to address such an argument here, the Court would need to become involved with an assessment of the evidence as well as plaintiff's credibility. Such an assessment is inappropriate on a motion for summary judgment. We conclude that there are triable issues of fact and, therefore, deny the motion for summary judgment.

It is so Ordered.